COMMERCIAL JEWELRY CO. v. HILLIN.

(Court of Civil Appeals of Texas. Texarkana. June 5, 1913.)

SALES (§ 92*)—CONTRACT—RESCISSION—LIABILITY FOR PRICE.

Goods sold were shipped to the buyer and reached their destination, but after shipment and about the time the goods arrived the buyer, discovering that he was insolvent, wrote the seller not to ship, which letter was received November 20, 1909. On April 25, 1910, the buyer having made no payment, the seller directed him to return the goods, and agreed to cancel the contract. No reply was made, but part of the goods were retained in the buyer's possession, and the remainder held in the express office for nonpayment of shipping charges. *Held*, that the seller's agreement to cancel the buyer's obligation was conditional on return of the goods, and, this not having been accomplished within a reasonable time, the seller was entitled to recover the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 257, 259; Dec. Dig. § 92.*]

Appeal from Rusk County Court; J. W. McDavid, Judge.

Action by the Commercial Jewelry Company against T. J. Hillin. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Strong & Arnold, of Henderson, for appellant. Futch & Tipps, of Henderson, for appellee.

HODGES, J. The Commercial Jewelry Company sued the appellee on a written contract whereby the latter bound himself to pay to the jewelry company the sum of $360 as the price of a list of goods consisting of a show case, some cut glass, and jewelry. The appellee answered, admitting the execution of the contract sued on and the shipment of the goods according to its terms, but set up as a defense a transaction which is relied on as constituting an agreement rescinding the original contract and a release from the obligation. The case was tried before the court without a jury, and a judgment rendered in favor of the jewelry company for the goods, and providing that, in the event they were not returned, it have judgment also for their value, $360.

The facts show that in November, 1909, the appellee purchased from the Commercial Jewelry Company the list of goods constituting the consideration for the promise sued on. The contract was evidenced by a written order given to one of the appellant's salesmen, by which the appellee agreed to pay in installments specified the sum of $360. The agreement also stipulated that a delivery by the shipper to the carrier should constitute a delivery to the consignee. The goods were shipped promptly according to the terms of the agreement, and in due time reached their destination at Pine Hill, Tex. After they were shipped and about the time they arrived at Pine Hill, or perhaps a little before, the appellee discovered that he was insolvent, and wrote to the appellant as follows: "You will please not ship goods. I am afraid I can not make payments." This letter was received, according to testimony offered by the appellant, on November 20, 1909. On April 25, 1910, appellee having made no payment under his contract, appellant wrote him reminding him of his purchase, and also sent him shipping instructions with directions to return the goods, and agreeing in the event he did so to cancel his contract and release him from his obligation. It appears that no reply was made to this letter by the appellee, and that later it was followed by another from the appellant of the same tenor but more urgent. This also seems to have been ignored at the time by the appellee. The goods had been shipped to him in two different parcels—the jewelry in one and the show case and cut glass in another. When the jewelry arrived, it was taken out by the appellee, who says he did so by mistake, not knowing at the time what it was and from whom it came. He, however, retained it in his possession, and had the goods at the time of the trial. The remaining goods were permitted to stay in the express office. Appellee testified that after having communicated with the appellant he instructed the agent at the depot to return the goods, and told him that when he was ready to return them to let him (appellee) know and he would deliver the jewelry; in the meantime he would retain possession in order to avoid storage charges. The goods were held by the express company and never returned, because of the nonpayment of the shipping charges which had accrued. The court construed these facts as being sufficient to show that the contract of purchase had

been rescinded, and that the goods were the property of the appellant.

It is clear from the undisputed evidence that the appellant was entitled to recover an unconditional judgment for the amount of money sued for, unless there was an unconditional agreement to rescind the original contract entered into between the parties, or an agreement whose terms had been complied with by the appellee. The facts relied on make an agreement to surrender the appellee's obligation in the event he returned the goods. This he failed to do. A part of them he retained for nearly two years in his actual possession, and permitted the remainder to be held in the express office for charges for which he was personally responsible. The judgment of the trial court will therefore be reformed, and judgment here rendered in favor of the appellant for the amount sued for and for all costs both of this court and of the court below.